# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re: <br><br> **Sharon K. Bergmann,** <br><br> Debtor. | **Bankruptcy Case** <br> **No. 15-00387-JDP** |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

Randal French Attorney for Debtor

Vernon Smith Attorney for Creditor Royal Von Puckett Holly

Sutherland Attorney for Chapter 13 Trustee

On October 14, 2015, the Court conducted a hearing concerning the Application for Approval of Compensation (Dkt. No. 71) filed in this case by attorney Randal J. French as attorney for Debtor Sharon Kay Bergmann, and the objection to that Application filed by creditor Royal Puckett (Dkt.

MEMORANDUM OF DECISION -1

No. 77).  After considering the evidence, testimony and arguments of counsel for the parties, and of counsel for the Chapter 13 Trustee Kathleen McCallister, the Court took the issues under advisement.  After due consideration of the record and those arguments, the Court concludes that the objection should be overruled, and that the Application should be granted.

Section 330(a)(4)(B) of the Bankruptcy Code provides that, in a chapter 13 case, "the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."  The "other factors" for consideration by the Court, listed in § 330(a)(3), include the time spent on the services; the rate charged; whether the services were necessary to the administration of the estate; whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problems, issues or tasks addressed; and whether the compensation

MEMORANDUM OF DECISION -2

requested in reasonable compared to that charged by comparably skilled practitioners.

In this case, Mr. French seeks approval of approximately $8,900 in compensation, and reimbursement of $306 in case filing fees. After crediting the $1,300 retainer paid prebankruptcy to him by Debtor, Mr. French proposes that the balance due on his fees and costs be paid through the confirmed plan. The Chapter 13 Trustee has not objected to this request. The sole objection to the Application came from creditor Von Puckett, the same creditor that opposed confirmation of Debtor's plan. In his lengthy pleading, in which many of the creditor's confirmation concerns are reiterated, the creditor urges, in essence, that Mr. French's fee request in this case is excessive. Based upon the peculiar facts of this case, and the applicable law noted above, the Court disagrees with the creditor.

In the affidavit filed to support the Application (Dkt. No. 73), Mr. French has adequately itemized and documented the time he spent, and the services he provided to Debtor, in these contested proceedings which, after an evidentiary hearing, eventually resulted in the confirmation by the

MEMORANDUM OF DECISION -3

Court of her proposed Amended Chapter 13 Plan (Dkt. No. 35).  While the fees sought are indeed significant in amount, this was not a routine case.  Instead, while chapter 13 cases are usually straightforward, the course of these proceedings was complicated and complex, due in large part to Von Puckett's many challenges to the proposed plan, which in some instances, sought to reopen issues and events of the distant past.  As noted above, an evidentiary hearing was required to address confirmation and the issues raised by Von Puckett.  The services provided by Mr. French were all necessary to the expeditious prosecution of the chapter 13 case, and they were, in retrospect, surely beneficial to Debtor, allowing her to achieve a confirmed plan.  Mr. French's hourly rate is consistent with those charged by comparably skilled attorneys in this District in similar cases.  Though the Court understands Von Puckett may be frustrated that his several objections to confirmation were eventually overruled, the Court gave his arguments due consideration and found them, on this record, to lack merit.  Having considered all of the relevant statutory factors, and based

MEMORANDUM OF DECISION -4

on the facts of this case, the Court finds and concludes that the fees and costs requested by Mr. French are reasonable.[1]

The Application will be approved. Mr. French may submit an appropriate order for entry by the Court, with the Chapter 13 Trustee's signature approval.

Dated: October 27, 2015

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[1] This Memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.

MEMORANDUM OF DECISION -5