# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | **Bankruptcy Case** |
| **Sharon K. Bergmann,** | **No. 15-00387-JDP** |
| **Debtor.** | |

_____

## MEMORANDUM OF DECISION
_____

On June 23, 2016, Randal J. French filed his "Second Application for Approval of Compensation and Notice" ("the Second Application") in this case, Dkt. No. 90. The itemization accompanying the Second Application details French's services provided to Debtor Sharon Bergmann, generally, concerning pending litigation in state court to collect money judgments against third parties, to file and defend a prior fee application, to obtain entry of an order confirming Debtor's chapter 13 plan, and to advise Debtor about the handling of certain tax returns. The amounts requested in the Second Application are $1,327.50 for compensation, and $54.85 for

**MEMORANDUM OF DECISION**-1

reimbursable costs, for a total of $1,382.35.

The Second Application was supported by a "Consent" filed by French on August 23, 2016, wherein Debtor indicates that she consents to entry of an order by the Court approving the amounts requested by French for compensation and expenses in the Second Application. Dkt. No. 97.[1]

On July 4, 2016, Trustee Kathleen McCallister filed her "Statement of No Objection" concerning the Application. Dkt. No. 92. In it, Trustee indicates she has no objection to approval of the amounts requested in the Second Application.

On July 11, 2016, Royal Von Puckett ("Creditor") filed his "Objection to Second Application for Compensation by Randal J. French". Dkt. No. 93. In it, Creditor argues, generally, that none of the services provided by French to Debtor are compensable as reasonable or necessary for the benefit of Debtor or the bankruptcy estate. *Id.* at 1. The Objection was supported by a "Supplement" filed by Creditor on July 11, 2016. Dkt. No.

---

[1] While not filed until later, the "Consent" indicates it was executed by Debtor on June 29, 2016.

**MEMORANDUM OF DECISION**-2

94.

On August 23, 2016, the Court conducted a hearing concerning the Second Application at which French, Trustee, and counsel for Creditor appeared and argued. After hearing the arguments of the parties, the Court took the issues under advisement to consider them further. At the conclusion of the hearing, while the Court indicated to the parties it needed an opportunity to review the record in more detail, it expressed its skepticism regarding the arguments raised by Creditor in the Objection, and would likely approve the Second Application.

Having now completed its consideration of the record, the Court concludes that the Second Application should be approved, and that the Objection should be denied. As explained by the Court at the hearing, based upon the Court's review of the services provided by French, it appears all qualify for compensation under 11 U.S.C. § 330(a)(4)(B). Indeed, without exception, all of the services rendered by French to Debtor relate to legitimate matters arising in connection with Debtor's chapter 13 case, including many to assist Debtor in performing her obligations under

**MEMORANDUM OF DECISION**-3

the confirmed plan.

Creditor's Objections to the contrary all lack merit. In particular, contrary to Creditor's view, Debtor has an obligation under the plan to pursue collection of the judgments in state court; French and Debtor did not present a plan that was "wrongful and deceitful"; and the Second Application is not "a perpetuation of fraud upon creditors . . . ." Viewed fairly, most of the arguments presented in the Objection concern whether the plan should have been approved by the Court, and amount to collateral attacks upon, and are precluded by, the terms of the Court's order confirming that plan.[2]

///

---

[2] Creditor objected to French's prior fee application by making similar arguments about his distaste for the terms of the confirmed plan, even though Creditor apparently elected not to appeal the confirmation order. At a cost to the estate and creditors, those arguments were previously presented and rejected by the Court in its order approving the prior application. *See* Memorandum of Decision, Dkt. No. 80. The Court therefore admonishes Creditor and his counsel that further objections to Debtor's attorney's proper requests for reasonable compensation and expenses will not be tolerated as a vehicle to express apparent frustration and displeasure with issues resolved by a final order for confirmation of Debtor's plan.

**MEMORANDUM OF DECISION**-4

///

French should submit a proposed order approving the Second Application for entry by the Court. Trustee should approve the form of the order.

Dated: September 13, 2016

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

**MEMORANDUM OF DECISION**-5