# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| In Re:<br>**Sharon K. Bergmann,**<br><br>               **Debtor.** | **Bankruptcy Case<br>No. 15-00387-JDP** |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

> Randal J. French, Boise, Idaho, Attorney for Debtor Sharon Bergmann.

> Vernon K. Smith, Boise, Idaho, Attorney for Creditor Royal Von Puckett.

> Kathleen A. McCallister, Meridian, Idaho, Chapter 13 Trustee.

### *Introduction*

This decision addresses the latest skirmish in what seems to be a

never-ending war between chapter 13[1] debtor Sharon Kay Bergmann

_____

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the

MEMORANDUM OF DECISION – 1

("Debtor"), and the attorney for one of her creditors, Vernon K. Smith

("Smith").  The precise matter before the Court concerns the latest fee

application filed by Debtor's counsel, Randal J.  French ("French"), for

services rendered to Debtor in this bankruptcy case.  *See* Fourth

Application for Approval of Compensation ("the Application"), Dkt. No.

153.  The chapter 13 trustee, Kathleen A. McCallister ("Trustee"), does not

oppose the Application.  However, Creditor Royal Von Puckett

("Creditor"), represented by Smith,[2] objected to the Application.  Dkt. No.

158.  The Court held a hearing on the Application on October 31, 2017, and

took the issues under advisement.

### *Facts*

Debtor filed a chapter 13 petition on March 31, 2015.  Dkt. No. 1.  A

---

Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

[2]  While it might sound bizarre, though Debtor is indebted to Creditor, she holds two money judgments against Smith, the face amount of which, the Court understands, total in excess of $1 million.  Smith's appeal from the judgments is pending before the Idaho Supreme Court.  In light of this state of affairs, the Court can only presume that Smith's interests, and the motivations for his actions, strategy, and tactics in this bankruptcy case, likely extend beyond his role as an advocate for Creditor.

MEMORANDUM OF DECISION – 2

few months later, French filed his first application for compensation and

expenses, to which Creditor objected; after a hearing, the Court overruled

the objection and approved the full amount of fees and costs requested.

Dkt. Nos. 71, 77, 79, 80.[3]

On June 23, 2016, French filed a second fee application.  Dkt. No. 90.

Trustee did not object to the application, *see* Dkt. No. 92, but Creditor,

through Smith, did.  Dkt. Nos. 93-94.  The Court held a hearing on August

23, 2016, and on September 13, 2016, entered a decision and order finding

that Creditor's objections lacked merit.  The Court again approved

payment by Trustee of all compensation and costs requested.  Dkt. Nos. 99

and 100.[4]

French's third application for compensation was filed on June 17,

2017, Dkt. No. 112, but was later withdrawn.  In its place, he filed a fourth

---

[3]    After a pitched battle with Puckett and Smith, Debtor was able to
confirm a chapter 13 plan; the fees and costs awarded to French were all to be
paid by Trustee from payments to be made under that plan.  Dkt. No. 85 at ¶ D.

[4]  The Court described the fee objection by Creditor/Smith as a collateral
attack on plan confirmation.  Memorandum of Decision at 4, Dkt. No. 99.

MEMORANDUM OF DECISION – 3

application for compensation, seeking $4,815 in fees and $166.43 in costs.

Dkt. No. 153.  Creditor objected to the fourth application, Dkt. No. 158,

and a hearing was held on October 31, 2017.  At the hearing, Trustee

indicated she did not object to French's latest request.  Also at that hearing,

the Court directed Trustee to file a status report regarding the progress of

the state court proceedings concerning the Debtor's judgments against

Smith.  When Trustee did not timely file the status report, Debtor, through

French, filed one detailing the status of the judgment appeals, and also

discussing Smith's entitlement to a distribution from his mother's probate

estate, and the Debtor's/Trustee's efforts to satisfy the judgments from

those probate distributions.  Dkt. No. 162.  Creditor (*i.e.* Smith) filed a

response to Debtor's status report.  Dkt. No. 165.  Trustee then filed her

own tardy status report.  Dkt. No. 166.

The sum and substance of these "status" submissions is that Debtor,

Smith, and Trustee continue to litigate with one another in the Idaho

Supreme Court, state probate court, and this bankruptcy case, like cats and

dogs, with Smith insisting that Debtor's claims against him are spurious

MEMORANDUM OF DECISION – 4

(despite the state court judgments), and Trustee and Debtor urging that they ought be allowed to collect the judgments from the probate estate and use the funds to pay off Debtor's legitimate creditors' claims (ironically, including Creditor's claim), in this bankruptcy case. Of course, in the process, all parties continue to incur attorneys fees and costs. And when French asks this Court to approve payments for his services rendered to Debtor for litigating with Smith, Creditor/Smith interpose largely irrelevant and otherwise meritless objections, which French must then defend.

### *Analysis and Disposition*

As the Court has endeavored to explain to Creditor/Smith in the past, § 330(a)(4)(B) of the Code provides for allowance of "reasonable compensation" to a chapter 13 debtor's attorney for "representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the others factors set forth in this section." The "other factors" the Court may consider are listed in § 330(a)(3) and include the time spent by

MEMORANDUM OF DECISION – 5

counsel rendering the services; the rate charged; whether the services were

necessary to the administration of the estate; whether the services were

performed within a reasonable amount of time commensurate with the

complexity, importance, and nature of the problems, issues, or tasks

addressed; and whether the compensation requested is reasonable

compared to that charged by comparably skilled practitioners.

In this fourth application, French seeks $4,815 in attorneys fees and

$166.43 in costs, for a total of $4,981.43.

The costs were incurred obtaining two deposition transcripts, as

well as copy and postage costs.  Dkt. No. 153.  These costs appear to the

Court to be actual, reasonable, and necessary, and will be approved.

The requested attorneys fees reflect 21.4 total hours spent by French

on this case between August 23, 2016 and September 11, 2017, a span of

over a year.  Dkt. No. 153-1 at Ex. A.  The Court finds that the services

rendered by French all involved representing the interests of Debtor in

connection with this bankruptcy case, and that the fees are reasonable in

amount.  Indeed, those services in part involved prosecuting French's

MEMORANDUM OF DECISION – 6

second fee application, dealing with Debtor's desire to incur additional

secured debt to purchase an automobile, an amendment to Debtor's

schedule I expenses, conversations with Trustee regarding her motion to

modify the chapter 13 plan, and Debtor's response to that motion. French

also attended depositions, hearings, and spent time preparing the fourth

fee application. All of these services are directly related to the bankruptcy

case.

Creditor's objection to the fee request critically analyzes nearly all of

French's individual time entries supporting his fee request, in detail,

characterizing most of them as an attempt to help Debtor deceive and

financially harm her creditors. The Court disagrees with such

characterization. Instead, French's efforts, for the most part, represent the

usual and unremarkable tasks associated with assisting a debtor to

complete her chapter 13 case.

Beyond this observation, the Court declines any invitation to review

French's services under a microscope as requested by Creditor. The Court

considers Creditor's objections to the Application to be so lacking in merit

MEMORANDUM OF DECISION – 7

as to justify no further comment – except one:  Creditor's/Smith's most

recent tirades about Debtor's motives and French's fees are "more of the

same" when compared to the prior assaults.  Indeed, in requiring French to

(again) defend a fee application, Creditor/Smith accomplish nothing other

than to require Debtor to incur more legal expenses which, in turn, must be

paid by diverting payments from creditors under the plan.  In approving

French's second fee application, the Court warned Creditor/Smith that

"further objections to Debtor's attorney's proper requests for reasonable

compensation and expenses will not be tolerated as a vehicle to express

apparent frustration and displeasure with issues resolved by a final order

for confirmation of Debtor's plan."  The Court hereby expands this

admonition to Creditor/Smith that it will not allow them to litigate issues

concerning Smith's liability to Debtor at the expense of the creditors in this

bankruptcy case.  Those battles should occur, if required, in the pending

state court litigation.  If Creditor/Smith persist in this tactic, they should

expect to pay for the attorneys fees and costs necessarily incurred by

Debtor via Court-imposed sanctions.

MEMORANDUM OF DECISION – 8

The objections to the Application are, again, overruled, and the

amounts requested by French for compensation and expenses will be

approved.  French should submit a proposed order for entry by the Court;

Trustee should approve the form of the order.

Dated:  December 4, 2017

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 9